in which the complainant was attacked on a Brooklyn street corner and suffered serious head injuries. Approximately $1^1/2$ months after the attack, the defendant was arrested at the police precinct, after the complainant identified him as the attacker.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), the jury could reasonably have inferred from the conduct of the defendant and the surrounding circumstances that the defendant struck the complainant in the head with a hammer, causing him severe injuries (see, People v Clark, 128 AD2d 798). Legally sufficient evidence therefore existed to establish beyond a reasonable doubt the requisite mental culpability for the crime of attempted murder in the second degree as well as the lesser convictions. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

There is no merit to the defendant's contention that Detective Robert Cortes' testimony, which referred to a complaint report, was inadmissible hearsay. Upon arriving at the scene of the crime, in addition to speaking with the complainant, Officer Noel Ortiz spoke with an unidentified Hispanic male. The conversations were incorporated into the complaint report. The detective's testimony that he referred to the complaint report before picking up the defendant was not offered for its truth but to demonstrate how the defendant was apprehended $1^1/2$ months after the incident. Therefore, the testimony was not inadmissible hearsay (see, People v Nieves, 67 NY2d 125, 131).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD HUGHES, Appellant. [637 NYS2d 21] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Barasch, J.), dated April 12, 1993, which, after a hearing, denied his motion pursuant to CPL article 440 to vacate a judgment of conviction of the same court (DeLury, J.), rendered May 2, 1980.

Ordered that the order is affirmed.

The defendant seeks an order vacating his prior judgment of conviction and granting him a new trial based on the People's alleged failure to provide him with a certain police report which contains what purports to be the exculpatory statement

of a key prosecution witness *(see generally, Brady v Maryland,* 373 US 83; *People v Rosario,* 9 NY2d 286; *see also, People v Jackson,* 78 NY2d 638). We have no basis upon which to disturb the finding of the Supreme Court, made after a hearing, that the police report in question is a counterfeit.

The defendant's remaining contention is without merit. Bracken, J. P., Rosenblatt, Sullivan and Hart, JJ., concur.